## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:18-cv-03071-RM-KMT

RAYMOND L. MEAD and JAZMINE
MEAD,

     Plaintiffs,

v.

HUNTER WARFIELD, INC.,

     Defendant.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference is scheduled for March 4, 2019 at 9:30 a.m.

**Appearing for Plaintiffs, Raymond L. Mead and Jazmine Mead:** Nathan C. Volheim,

Sulaiman Law Group, Ltd. 2500 South Highland Ave., Suite 200 Lombard, Illinois 60148,

Telephone (630) 568-3056. Please note: Counsel for Plaintiff requests to appear at the

Scheduling Conference telephonically.

**Appearing for Defendant, Hunter Warfield, Inc.:** Alex Wade, Carlson & Messer

LLP, 5901 West Century Blvd., Los Angeles, California 90045, Telephone (310) 242-2216.

1

## 2.  STATEMENT OF JURISDICTION

**Plaintiff:** This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims were brought under a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (the "FDCPA"). This court has personal jurisdiction over this matter because Plaintiff is a resident of Colorado, and Defendant conducts business within the state of Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

**Defendant:** Defendant does not contest jurisdiction at this time.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

**a.  Plaintiff's statement**:

Plaintiffs' Complaint (Dkt. 1) alleges that Defendant violated the FDCPA by sending Plaintiffs a misleading collection correspondence.

**b.  Defendant's statement:**

Defendant denies that the correspondence sent to Plaintiffs was misleading and denies that its conduct violated the FDCPA.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

a.   The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

b.   Defendant was seeking collection of debt from Plaintiffs.

c.   Defendant sent Plaintiffs a collection correspondence on June 14, 2018.

### 5.   COMPUTATION OF DAMAGES

Plaintiffs seeks statutory damages of $1,000 under the FDCPA. Additionally they seek

payment of their actual damages and reasonable attorney fees and costs, in amounts to be

determined.

### 6.   REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

**a.   Date of Rule 26(f) Meeting:** January 25, 2019.

**b.   Names of each participant and each party represented:**

Counsel for Plaintiff: Nathan C. Volheim, Sulaiman Law Group, Ltd.

Counsel for Defendant: David J. Kaminski, Carlson & Messer LLP

**c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

Disclosures will be made by March 15, 2019.

**d.   Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

The parties do not propose any changes to the timing or requirement of disclosures at this

time.

**e.   Statement concerning any agreements to conduct informal discovery:**

The parties have not agreed to make any documents available without the need for a

formal request for production at this time.

**f.   Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The parties agree to use consecutive deposition exhibit numbers and to use those same

deposition exhibit numbers as trial exhibit numbers.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the production of electronically stored information and

suggest that such information be handled as follows: The parties do not believe a

substantial amount of disclosure or discovery will involve ESI. As an initial matter, the

parties expect to exchange all relevant documents in hard copy or Portable Document

Format (PDF) where applicable. If a party requests native format then the parties will

reasonably work together, meet-and-confer and make every effort to resolve any potential

disputes without the need for Court intervention.

**h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibility of settlement. Plaintiff has tendered a

settlement demand to Defendant. The parties will continue their informal settlement

discussions through counsel.

### 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a U.S. Magistrate Judge.

### 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

4

The parties agree to limit the number of depositions to two (2) depositions for each side including experts, and the number of interrogatories to twenty-five (25) for each side.

**b.  Limitations which any party proposes on the length of depositions.**

Depositions are to be limited to seven (7) hours per deposition.

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to limit the number of Requests for Production to thirty (30) per side and the number of Requests for Admission to twenty-five (25) per side.

**d.  Other Planning or Discovery Orders**

The parties will also seek entry of a stipulated protective order.

## 9.  CASE PLAN AND SCHEDULE

**a.  Deadline to Amend Pleadings and Joinder for Parties**

April 19, 2019.

**b.  Discovery Cut-off**

September 25, 2019.

**c.  Dispositive Motion Deadline**

October 25, 2019.

**d.  Expert Witness Disclosure**

1,      The parties shall identify anticipated fields of expert testimony, if any.

Survey information may be need regarding the correspondence Defendant sent to Plaintiffs.

2.      Limitations which the parties propose on the use or number of expert witnesses.

The parties propose to limit the number of expert witnesses to two per side, including

rebuttal experts.

3.      The parties shall designate all affirmative experts and provide opposing counsel and any

pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

June 19, 2019.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro

se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

July 26, 2019.

**e.   Identification of Persons to Be Deposed**

Plaintiffs: Corporate representative of Defendant, any person identified in Defendant's Rule

26(a)(1) Initial Disclosures, any party responsible for creating the correspondence sent to

Plaintiffs.

Defendant: Plaintiff, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures.

**f.   Deadlines for Interrogatories**

Interrogatories will be served at least 30 days before the close of fact discovery.

**g.   Deadline for Requests for Production and Admissions**

Requests for Production and Admissions will be served at least 30 days before the close

of fact discovery.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

      a.     Status conferences will be held in this case at the following dates and times:



      b.     A final pretrial conference will be held in this case on January 21, 2020 at 9:45 a.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than January 14, 2020.

## 11. OTHER SCHEDULING ISSUES

a.  Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will be completed in 1-2 days before a jury.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Watsatch Street, Colorado Springs, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 4th day of March, 2019

BY THE COURT:

_____
Hon. Kathleen M. Tafoya
Magistrate Judge
United States District Court

*/s/ Nathan C. Volheim*
Nathan C. Volheim
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Telephone: (630) 568-3056
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*